By the Court—Barbour, J.
This is an appeal by the defendant from an order of the Special Term denying «his motion for a new trial, and from the judgment.
The complaint averred that Egbert Deming sold to the defendant twenty shares of stock, at twenty dollars per share, upon which the defendant had paid $102, leaving due to Egbert Deming $298, on account of the purchase; and that, afterward, Egbert Deming sold and assigned his claim against the defendant for such balance of purchase-money, to the plaintiff, Samuel B. Deming. All this was controverted by the answer.
Upon the trial, the plaintiff proved, by Egbert Deming himself, that the latter sold the stock to the defendant, and subsequently assigned his claim against the defendant to the plaintiff; and that, when such assignment was made, $298 of the purchase-money remained unpaid. On his cross-examination, however, the same witness stated that the stock belonged to his wife, she having purchased it from a Mr. Howell; that he (the witness) never owned it, and that he sold it for the benefit of his wife.
Ho evidence was given tending to contradict the fact that Egbert Deming’s wife was the real owner of the stock; nor was there any proof that she ever authorized or ratified the alleged sale to the defendant. Hor did the plaintiff prove any sale or assignment by Egbert’s wife to the plaintiff, of the money alleged in the complaint to be due from the defendant on account of the purchase. It is true that Egbert Deming stated that his wife had assigned her interest in the stock to the plaintiff, although, he adds, “her name is not to the assignment.” But this, if it proves anything, shows that the wife, by assigning, not the money due upon the alleged sale, but the stock itself, had repudiated the sale made by her husband, by assuming the ownership of the stock, and conveying it to the plaintiff; who thus, it may be added, became advised of and assented to her claim as such owner.
*260 To sustain his complaint and entitle him to recover in this action, the plaintiff was bound to prove that a portion of the purchase-money of the alleged sale was due from the defendant to Egbert Deming; for his claim to recover in this action is based solely upon Egbert Deming’s assignment of such purchase-moneys to him. This he wholly* failed to do. As the stocks were owned by Mrs. Deming, and were sold by her husband for her benefit, their proceeds belong to her, if she authorized or assented to the sale; and, if not, nothing passed to the defendant by the alleged sale, and the stocks are now the property of Mrs. Deming, unless the defendant became then owner by assignment from her.
The verdict is, therefore, wholly unsustained by the evidence; and the judgment and orders appealed from should be reversed, and a new trial granted, with costs to abide the event.